# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### CASE NO:

BYRON BREEZE, JR., and KAREEM NELSON,
on behalf of themselves, and all others similarly
situated,

Plaintiffs,

v.

ST MANAGEMENT GROUP INC., a New York
domestic business corporation,

Defendant.

_____/

## COMPLAINT

Plaintiffs, BYRON BREEZE, JR., and KAREEM NELSON (collectively "Plaintiffs"), on behalf of themselves, as well as all others similarly situated, hereby sue Defendant ST MANAGEMENT GROUP INC., ("Defendant"), for injunctive relief and damages, pursuant to 42 U.S.C. § 12181 *et seq*. (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA"), the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL"), and allege as follows:

## INTRODUCTION

1. This is an action seeking to redress violations of state and federal law at no less than twelve (12) restaurant locations owned and operated by Defendant in this District.

2. As set for the more fully below, Plaintiffs, as well as a class consisting of thousands (or tens of thousands) of similarly situated disabled individuals, are functionally excluded

from some or all of the goods, services, and amenities offered to the general public at each of the Defendant's restaurant locations in this District.

3.  By this litigation, Plaintiff, on behalf of themselves and the class defined more fully below, seek to bring all of Defendant's locations in this District into compliance with applicable state and federal law, and to recover applicable damages owed to each member of the class, in accordance with New York law.

## JURISDICTION AND VENUE

4.  This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over Plaintiff's state law claims that arise out of the same nucleus of facts and circumstances as the subject federal claims.

5.  This Court has additional subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2), the Federal Class Action Fairness Act, inasmuch as damages owed to the class (pursuant to New York law) are likely to exceed Five Million Dollars ($5,000,000).

6.  Venue lies within the Southern District of New York pursuant to 28 U.S.C. §1391 in that each of the properties at issue herein are located in this District.

## PARTIES

7.  At all times material hereto, Plaintiff, BYRON BREEZE, JR., was and is over the age of 18 years, *sui juris*, and was a resident of Manhattan, which is located within the Southern District of New York. Mr. Breeze has recently relocated to the District of Columbia, but intends to return to the Southern District of New York on a continuing basis to visit with

friends and relatives, and plans to relocate back to the Southern District of New York in the near future.

8. Mr. Breeze has at all material times suffered from a "qualified disability" under the ADA, because he was born without legs or complete hands, and uses a wheelchair for mobility.

9. At all times material hereto, Plaintiff, KAREEM NELSON, was and is over the age of 18 years, *sui juris*, is a resident of New York City, and has attempted to gain entry to at least one of the Fresh Co Locations, which are located within the Southern District of New York.

10. Mr. Nelson has at all material times suffered from a "qualified disability" under the ADA, because he is a C-7 C-1 quadriplegic and uses a wheelchair for mobility.

11. Defendant, ST MANAGEMENT GROUP INC., is a New York corporation authorized to conduct and conducting business within the State of New York, and is the owner and operator of all "Fresh&Co." restaurants located in this District, including the following locations (collectively referred to hereinafter as the "Fresh Co Locations"): (a) 1260 Lexington Ave., New York, NY; (b) 200 W. 57th St., New York, NY; (c) 569 Lexington Ave., New York, NY; (d) 1211 6th Ave., New York, N.; (e) 475 Lexington Ave., New York, NY; (f) 309 Madison Ave., New York, NY; (g) 1359 Broadway, New York, NY; (h) 425 Park Ave. S., New York, NY; (i) 58 E. 8th St., New York, NY; (j) 363 7th Ave., New York, NY; (k) 729 Broadway, New York, NY; and (l) 127 E. 60 St., New York, NY.

12. The Fresh Co Locations are places of public accommodation as that term is defined by the ADA; specifically, the Fresh&Co. Locations are operated by Defendant as restaurants commonly known and referred to as "Fresh&Co."

## CLASS ALLEGATIONS

13. Plaintiffs bring this class action on their own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of people defined as follows:

> All disabled individuals who, because of disability, have been excluded from some or all of the amenities available to the general public at any of the Fresh Co Locations.

14. Excluded from the Class is any person who is an executive, officer, employee, and/or director of the Defendant corporation.

15. The members of the Class are so numerous that joinder of all Class members is not practical. The size of the class will be determined through discovery.

16. Plaintiffs' claims are typical of those of the entire Class. Plaintiffs, along with every member of the Class, have suffered civil right violations as a result of Defendant's continuing failure to comply with the ADA and ADAAG at all of the Fresh Co Locations.

17. Plaintiffs can and will adequately protect the interests of all members of the Class and have retained competent counsel experienced in both ADA and class action litigation. Plaintiffs have no interests that are contrary to the interests of the Class members in this case.

18. A class action is far superior to any other possible method for adjudicating this controversy. Each member of the Class is entitled to injunctive relief, as well as statutory damages under New York law. At issue are all of the Fresh Co Locations, and barriers encountered at those locations by many thousands (if not tens of thousands) of disabled individuals. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendant, members of the Class, and the Courts of this District.

19. Common questions of law and fact prevail with respect to all members of the Class, and predominate over questions applicably solely to individual Class members. Among such common questions of law and fact is whether Defendant has violated Federal and New York State statutory obligations by failing to comply with the ADA and ADAAG, so that all physically disabled persons are afforded fair and equal access to each of the Fresh Co Locations.

20. Plaintiffs know of no special or unique difficulties that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

21. The names and addresses of disabled individuals who are being excluded from full and equal access to the Fresh Co Locations is obtainable through traditional channels used to identify members of any class; notice of this case, informing members of the Class that this case exists and that he/she may be a member of the Class, can be delivered by U.S. or electronic mail, using techniques and in a form of notice similar to those customarily used in class action litigation, and can additionally be advertised in the New York City area by television, internet, radio, and other means of transmission that are likely to reach members of the Class.

**COUNT I**
**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

22.  Plaintiff re-avers the allegations set forth above, as though fully set forth herein.

23. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

24. Congress specifically found, *inter alia*, that:[1]

    a.  Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    a.  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    b.  Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    c.  Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

    d.  The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

25. Congress explicitly set forth the purpose of the ADA; to wit:[2]

    (i)    Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

26. The congressional legislation gave places of public accommodation a time-period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

27. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

28. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

29. The Fresh Co Locations are legally required to be (but are not) in compliance with the ADA and ADAAG; specifically:

---

[2] 42 U.S.C. § 12101(b) (1) (2) and (4).

[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).
[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

a. **1260 Lexington Ave, New York, New York:**

i. Required minimum maneuvering clearance not provided at entrance door: noncompliant change in level of sloped floor surface within required maneuvering clearance at entrance door acts as a barrier to accessibility in violation of ADAAG § 404.

ii. Inaccessible meal preparation service counter: the height of service counter exceeds the maximum height allowance in violation of ADAAG §§ 227, 904.

iii. Inaccessible self-service beverage dispenser: noncompliant height of self-service beverage dispenser exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

iv. Inaccessible travel path through dining tables at dining area: the required minimum clear width is not provided at travel path through dining area in violation of ADAAG § 403.

v. Inaccessible dining tables: required minimum knee and toe clearance is not provided at dining tables; and minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

vi. Inaccessible dining counter: noncompliant height of dining counter exceeds the maximum height allowance; the required minimum knee and toe clearance is not provided at the dining counter; and the portion (5%) of

dining counters required to be accessible are not provided in violation of ADAAG §§ 226, 902, 306.

vii. Inaccessible self-service condiment counter: there is a noncompliant change in level of floor surface at self-service condiment counter in violation of ADAAG § 305.

viii. Inaccessible water closet in restroom: the distance of water closet from the side wall is noncompliant in violation of ADAAG § 604.

ix. Existing grab bar at rear wall of the water closet in restroom does not meet the minimum length requirement in violation of ADAAG § 604.

x. Position of flush control located at closed side of water closet is noncompliant in violation of ADAAG § 604.

xi. Inaccessible toilet paper dispenser: noncompliant distance of toilet paper dispenser from water closet exceeds the maximum distance allowance in violation of ADAAG § 604.

xii. Insulation of pipes and water lines under the lavatory in restroom are noncompliant in violation of ADAAG § 606.

xiii. Inaccessible mirror in restroom: noncompliant height of mirror located above lavatory exceeds the maximum height allowance in violation of ADAAG § 603.

b. **200 W. 57th Street, New York, New York:**

i. Inaccessible dining tables: the height of dining tables exceed maximum height allowance; the required minimum knee and toe clearance is not provided at dining tables; and the minimum percentage of existing dining

tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

ii. Inaccessible water closet in restroom: the required minimum clearance is not provided in water closet in violation of ADAAG § 604.

iii. Noncompliant existing grab bar at real wall of water closet does not meet the minimum length requirement in violation of ADAAG § 604.

iv. Noncompliant position of flush control located at closed side of water closet in violation of ADAAG § 604.

v. Inaccessible lavatory in restroom: the required minimum knee and toe clearance is not provided at lavatory in violation of ADAAG §§ 606, 306.

vi. Insulation of pipes and water lines under lavatory not provided as required in violation of ADAAG § 606.

**c.  569 Lexington Ave. New York, New York:**

i. Inaccessible entrance and inaccessible travel path leading into establishment. Accessible route into the establishment is not provided as required. The accessible means of egress is not provided as required. Existing steps at the interior side of entrance door at travel path leading into the establishment act as a barrier to accessibility. The required ramp not provided for steps at travel path leading into the establishment. The violations within this paragraph arise under ADAAG § 206, 207, 303.

ii. The required handrail extension is not provided at the top of the existing handrails at stairs within the travel path leading from entrance door into establishment in violation of ADAAG § 505.

iii.  Inaccessible secondary side service entrance; inaccessible travel path leading into the establishment; and an inaccessible route into the establishment as required as an accessible means of egress. The existing step at the secondary side entrance door acts as a barrier to accessibility and the required ramp is not provided for step at the secondary side entrance. The violations within this paragraph arise under ADAAG §§ 206, 207, 304.

iv.  The required minimum maneuvering clearance is not provided at the secondary side service entrance door, and there is a noncompliant change in level within the required maneuvering clearance at the secondary side entrance door in violation of ADAAG § 404.

v.  Inaccessible dining tables located at the exterior dining area: the required minimum knee and toe clearance is not provided, and the minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

vi.  Inaccessible dining tables located at interior main level dining area: the required minimum knee and toe clearance is not provided, and the minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG 226, 902, 306.

vii.  Inaccessible dining tables located at the interior lower level dining area: the required minimum knee and toe clearance is not provided and the minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

11

viii. Inaccessible water closet in restroom: the required minimum clearance is not provided; noncompliant existing grab bar at rear wall and side wall of water closet does not meet the minimum length requirement; and the noncompliant position of flush control located at the closed side of the water closet in violation of ADAAG § 604.

ix. Inaccessible toilet paper dispenser: noncompliant distance of toilet paper dispenser from water closet exceeds maximum distance allowance in violation of ADAAG § 604.

x. Insulation of pipes and water lines under the lavatory in restroom are not provided as required in violation of ADAAG § 606.

xi. Inaccessible mirror in restroom: noncompliant height of mirror located above lavatory exceeds the maximum height allowance in violation of § 603.

xii. Inaccessible coat hooks in restroom; noncompliant height of coat hooks exceeds maximum height allowance in violation of ADAAG §§ 603, 308.

d. **1211 6th Avenue, New York, New York:**

i. Required minimum maneuvering clearance is not provided at the exterior side of the entrance door within wind breaker compartment in violation of ADAAG § 404.

ii. Inaccessible dining tables: noncompliant height exceed maximum height allowance; the required minimum knee and toe clearance is not provided; and a minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

iii. Inaccessible self-service counter shelves used to dispense food, beverages, and condiments: noncompliant height of counter shelves exceed the maximum height allowance in violation of ADAAG §§ 904, 308.

iv. Inaccessible door lock at restroom door: noncompliant height of door lock exceeds maximum height allowance in violation of ADAAG § 404.

v. Noncompliant mounted position of existing grab bar at rear wall of water closet in restroom acts as a barrier to accessibility, and noncompliant grab bar at rear wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

vi. Noncompliant existing grab bar at side wall of water closet in restroom does not meet minimum length requirement in violation of ADAAG § 604.

vii. Noncompliant faucet knobs at lavatory in restroom require twisting of the wrist in violation of ADAAG §§ 604, 309.

viii. Insulation of pipes and water lines under the lavatory are not provided as required in violation of ADAAG § 606.

ix. Inaccessible mirror in restroom: noncompliant height of mirror located above lavatory exceeds maximum height allowance in violation of ADAAG § 603.

x. Inaccessible coat hooks in restroom: noncompliant height of coat hooks exceeds maximum height allowance in violation of ADAAG §§ 603, 308.

e.  **475 Lexington Ave., New York, New York:**

   i.  Inaccessible dining tables: required minimum knee and toe clearance is not provided at dining tables, and a minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

   ii.  Inaccessible dining counter: noncompliant height exceeds maximum allowance; required minimum knee and toe clearance is not provided; and portion (5%) of dining counter required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

   iii.  Noncompliant door lock at restroom requires the twisting of the wrist in violation of ADAAG §§ 404, 309.

   iv.  Noncompliant existing grab bar at rear and side wall of water closet in restroom does not meet minimum length requirement in violation of ADAAG § 604.

   v.  Inaccessible toilet paper dispenser: noncompliant distance of toilet paper dispenser from water closet exceeds maximum distance allowance in violation of ADAAG § 604.

   vi.  Inaccessible mirror in restroom: noncompliant height of mirror located above the lavatory exceeds the maximum height allowance in violation of ADAAG § 603.

   vii.  Inaccessible coat hook in restroom: noncompliant height exceeds maximum height allowance in violation of ADAAG §§ 603, 308.

**f.  309 Madison Ave, New York, New York:**

    i.  Required minimum maneuvering clearance is not provided at the entrance door; noncompliant change in level of sloped floor surface within required maneuvering clearance at entrance door in violation of ADAAG § 404.

    ii.  Broken and uneven floor surface at bottom of ramp leading to entrance door acts as a barrier to accessibility in violation of ADAAG §§ 405, 302.

    iii.  Inaccessible dining tables: required minimum knee and toe clearance is not provided at dining tables; and minimum percentage of existing dining tables required to be accessible not provided in violation of ADAAG §§ 226, 902, 306.

    iv.  Inaccessible self-service counter shelves used to dispense condiments: height of counter shelves exceed maximum height allowance in violation of ADAAG §§ 904, 308.

    v.  Inaccessible water closet in restroom: required minimum clearance not provided in violation of ADAAG § 604.

    vi.  Required grab bars not provided on rear and side walls of water closet in violation of ADAAG § 604.

    vii.  Noncompliant position of toilet paper dispenser from water closer in violation of ADAAG § 604.

    viii.  Insulation of pipes under the lavatory not provided as required in violation of ADAAG § 606.

    ix.  Inaccessible mirror in restroom: height of mirror located above lavatory exceeds maximum height allowance in violation of ADAAG § 603.

x.   Inaccessible coat hook in restroom: height of coat hook exceeds maximum height allowance in violation of ADAAG § 603, 308.

g.   **1359 Broadway, New York, New York:**

i.   Required minimum space is not provided in vestibule between the two entrance doors in series in violation of ADAAG § 404.

ii.   Inaccessible dining counter: height of dining counter exceeds the maximum height allowance; the required minimum knee and toe clearance is not provided at dining counter; and the portion (5%) of dining counter required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

iii.   Inaccessible dining tables: the required minimum knee and toe clearance is not provided at the dining tables, and a minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG § 226, 902, 306.

iv.   Noncompliant existing grab bar at rear wall of water closet in first of two restrooms does not meet the minimum length requirement in violation of ADAAG § 604.

v.   Noncompliant door lock at restroom door at second of two restrooms requires twisting of the wrist in violation of ADAAG §§ 404, 309.

vi.   Noncompliant door swing of restroom door at second of two restrooms: restroom door swings into the floor space of restroom fixtures in violation of ADAAG 603.

    vii.  Required minimum maneuvering clearance is not provided at restroom door at second of two restrooms in violation of ADAAG § 404.

   viii.  Required minimum turning space is not provided in second of two restrooms in violation of ADAAG §§ 603, 304.

    ix.  Inaccessible water closet in second of two restrooms: required minimum clearance is not provided at water closet in violation of ADAAG § 604.

    x.  Required grab bars not provided at water closet in second of two restrooms in violation of ADAAG § 604.

    xi.  Inaccessible lavatory in second of two restrooms: required minimum clear floor space is not provided at lavatory in violation of ADAAG § 606.

   xii.  Insulation of pipes and water lines under the lavatory not provided as required in second of two restrooms in violation of ADAAG § 606.

  xiii.  Inaccessible mirror in second of two restrooms: noncompliant height of mirror located above lavatory exceeds maximum height allowance in violation of ADAAG § 603.

  xiv.  Inaccessible coat hook in restroom: noncompliant height of coat hook exceeds the maximum height allowance in violation of ADAAG § 603, 308.

**h.  425 Park Ave. S., New York, New York:**

    i.  Required minimum maneuvering clearance is not provided at the entrance door: noncompliant change in level of sloped floor surface within the required maneuvering clearance at entrance door in violation of ADAAG §§ 404.

ii.  Inaccessible communal dining table located at main level: required minimum knee and toe clearance not provided at communal dining table; an accessible dining table is not provided at the main level in violation of ADAAG §§ 226, 902, 306.

iii.  Inaccessible self-service beverage dispensers: noncompliant height of self-service beverage dispensers exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

iv.  Inaccessible self-service counter shelves used to dispense napkins, utensils, and condiments: noncompliant height of counter shelves exceeds the maximum height allowance in violation of ADAAG §§ 904, 308.

v.  Inaccessible dining area located at 2nd floor of establishment: existing flight of stairs at travel path to 2nd floor dining area act as a barrier to accessibility; the required means of access to dining area are not provided in violation of ADAAG § 206.

vi.  Noncompliant existing handrails at stair flight to 2nd floor dining area do not provide required handrail extensions in violation of ADAAG §§ 210, 504, 505.

vii.  Inaccessible dining tables at 2nd floor dining area: noncompliant height of dining tables exceed the maximum height allowance; the required minimum knee and toe clearance is not provided at dining tables; and a minimum percentage of existing dining tables required to be accessible is not provided I violation of ADAAG §§ 226, 902, 306.

viii.   Inaccessible dining counter located at 2nd floor dining area: noncompliant height of dining counter exceeds the maximum height allowance; the required minimum knee and toe clearance is not provided at dining counter; and a portion (5%) of dining counter required to be accessible is not provided in violation of ADAAG §§ 226, 902.

ix.   Restroom door swings into the floor space of restroom fixtures in restroom located at the main level in violation of ADAAG § 603.

x.   Required minimum maneuvering clearance is not provided at the restroom door in restroom located at main level in violation of ADAAG § 404.

xi.   Noncompliant door lock at main floor restroom door requires twisting of the wrist in violation of ADAAG §§ 404, 309.

xii.   Noncompliant position of flush control positioned at closed side of water closet in restroom located at main level in violation of ADAAG § 604.

xiii.   Insulation of pipes and water lines under the lavatory not provided as required in restroom located at main level in violation of ADAAG § 606.

xiv.   Inaccessible mirror in restroom located at main level: noncompliant height of mirror located above lavatory exceeds maximum height allowance in violation of ADAAG § 603.

xv.   Noncompliant door lock at 2nd floor restroom door requires twisting of the wrist in violation of ADAAG §§ 404, 309.

xvi.   Inaccessible water closet in restroom located at upper level: noncompliant distance of water closet from side wall in violation of ADAAG § 604.

xvii.   Noncompliant position of flush control positioned at closed side of water closet in restroom located at upper level in violation of ADAAG 604.

xviii.  Inaccessible toilet paper dispenser in restroom located at upper level: noncompliant distance of toilet paper dispenser from water closet exceeds maximum distance allowance in violation of ADAAG § 604.

xix.    Insulation of pipes and water lines under the lavatory not provided as required in restroom located at upper level in violation of ADAAG § 606.

xx.     Inaccessible mirror in restroom located at upper level: noncompliant height of mirror located above lavatory exceeds maximum height allowance in violation of ADAAG § 603.

i.  **58 E. 8th Street, New York, New York:**

i.     Required minimum maneuvering clearance not provided at entrance door: noncompliant change in level of floor surface within required maneuvering clearance at entrance door in violation of ADAAG § 404.

ii.    Inaccessible meal preparation service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

iii.   Inaccessible self-service beverage dispenser: noncompliant height of self-service beverage dispenser exceeds maximum height allowance in violation of ADAAG §§ 904, 308.

iv.    Inaccessible self-service counter shelves used to dispense napkins, utensils, and condiments: noncompliant height of counter shelves exceeds maximum height allowance in violation of ADAAG §§ 904, 308.

    v.    Inaccessible dining tables: required minimum knee and toe clearance is not provided at dining tables; and a minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

    vi.    Inaccessible dining counter: noncompliant height of dining counter exceeds maximum height allowance; required minimum knee and toe clearance not provided at dining counter; and portion (5%) of dining counter required to be accessible is not provided in violation of ADAAG §§ 226, 902.

    vii.    Rise in floor level at raised threshold of restroom door acts as a barrier to accessibility at first of two restrooms in violation of ADAAG §§ 404, 303.

    viii.    Noncompliant distance of water closet from side wall in first of two restrooms in violation of ADAAG § 604.

    ix.    Inaccessible toilet paper dispenser in first of two restrooms: noncompliant distance of toilet paper dispenser from water closet in violation of ADAAG § 604.

    x.    Insulation of pipes and water lines under the lavatory not provided as required in first of two restrooms in violation of ADAAG § 606.

    xi.    Inaccessible mirror in first of two restrooms: noncompliant height of mirror located above the lavatory exceeds maximum height allowance in violation of ADAAG § 603.

xii.   Inaccessible coat hook in first of two restrooms: noncompliant height of coat hook exceeds maximum height allowance in violation of ADAAG §§ 603, 308.

xiii.   Rise in floor level at raised threshold of restroom door acts as a barrier to accessibility at second of two restrooms in violation of ADAAG §§ 404, 303.

xiv.   Noncompliant distance of water closet from side wall in second of two restrooms in violation of ADAAG § 604.

xv.   Noncompliant existing grab bar at rear wall of water closet in second of two restrooms does not meet minimum length requirement in violation of ADAAG § 604.

xvi.   Inaccessible toilet paper dispenser in second of two restrooms: noncompliant distance of toilet paper dispenser from water closet in violation of ADAAG § 604.

xvii.   Insulation of pipes and water lines under the lavatory not provided as required in second of two restrooms in violation of ADAAG § 606.

xviii.   Inaccessible mirror in second of two restrooms: noncompliant height of mirror located above the lavatory exceeds maximum height allowance in violation of ADAAG 603.

xix.   Inaccessible coat hook in second of two restrooms: noncompliant height of coat hook exceeds maximum height allowance in violation of ADAAG 603, 308.

**j. 363 7ᵗʰ Avenue, New York, New York:**

    i. Required minimum maneuvering clearance not provided at entrance door: noncompliant change in level of sloped floor surface within required maneuvering clearance at entrance door in violation of ADAAG § 404.

    ii. Inaccessible meal preparation service counter; noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG 227, 904.

    iii. Inaccessible payment service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

    iv. Restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

    v. Required minimum maneuvering clearance not provided at restroom door in violation of ADAAG § 404.

    vi. Noncompliant mounted position of existing grab bar at rear wall of water closet acts as a barrier to accessibility: grab bar at rear wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

    vii. Noncompliant existing grab bar at side wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

    viii. Inaccessible toilet paper dispenser: noncompliant position of toilet paper dispenser from water closet in violation of ADAAG § 604.

    ix.  Noncompliant position of flush control located at closed side of water closet in violation of ADAAG § 604.

    x.  Noncompliant faucet knobs at lavatory in restroom require twisting of the wrist in violation of ADAAG § 606, 309.

    xi.  Insulation of pipes and water lines under the lavatory not provided as required in violation of ADAAG § 606.

    xii.  Inaccessible hand soap dispenser in restroom: noncompliant mounted height of hand soup dispenser exceeds maximum height allowance in violation of ADAAG § 606, 308.

    xiii.  Inaccessible mirror in restroom: noncompliant height of mirror located above lavatory exceeds maximum height allowance in violation of ADAAG § 603.

**k. 729 Broadway New York, New York:**

    i.  Inaccessible main entrance: existing steps at interior side of main entrance door at travel path leading into establishment act as a barrier to accessibility, and required ramp not provided for steps at interior side of main entrance at travel path leading into establishment in violation of ADAAG §§ 206, 207, 303.

    ii.  Required minimum maneuvering clearance not provided at secondary side entrance door, and noncompliant change in level of sloped floor surface within required maneuvering clearance at secondary side entrance door in violation of ADAAG § 404.

iii.  Inaccessible service counter: noncompliant height of service counter exceeds maximum height allowance in violation of ADAAG §§ 227, 904.

iv.  Inaccessible dining counter: noncompliant height of dining counter exceeds maximum height allowance; required minimum knee and toe clearance is not provided at dining counter; and portion (5%) of dining counter required to be accessible is not provided in violation of ADAAG §§ 226, 902.

v.  Inaccessible dining tables: required minimum knee and toe clearance not provided at dining tables, and a minimum percentage of existing dining tables required to be accessible is not provided in violation of ADAAG §§ 226, 902, 306.

vi.  Existing signage identifying the restroom and its mounted location on restroom door is noncompliant in violation of ADAAG §§ 216, 703.

vii.  Inaccessible lavatory in restroom: noncompliant height of lavatory exceeds maximum height allowance in violation of ADAAG § 606.

viii.  Insulation of pipes under the lavatory not provided as required in violation of ADAAG § 606.

ix.  Inaccessible hand soap dispenser in restroom: noncompliant mounted height of hand soap dispenser exceeds maximum height allowance in violation of ADAAG § 606, 308.

x.  Inaccessible mirror in restroom: noncompliant height of mirror located above lavatory exceeds maximum height allowance in violation of ADAAG § 603.

xi.  Noncompliant existing grab bar at rear wall of water closet does not meet minimum length requirement in violation of ADAAG § 604.

xii.  Noncompliant position of flush control located at closed side of water closet in violation of ADAAG § 604.

xiii.  Inaccessible toilet paper dispenser: noncompliant position of toilet paper dispenser from water closet exceeds maximum distance allowance in violation of ADAAG § 604.

**l.  127 E. 60 Street New York, New York:**

i.  Inaccessible entrance and travel path leading into establishment: accessible means of egress not provided as required, existing steps at interior side of entrance door at travel path leading into establishment act as a barrier to accessibility; required ramp not provided for steps at travel path leading into establishment in violation of ADAAG §§ 206, 207, 303.

ii.  Required handrails not provided at both sides of stairs within travel path leading from entrance door into establishment in violation of ADAAG § 505.

iii.  Required handrail extension not provided at bottom of existing handrail at one side of stairs within travel path leading from entrance door into establishment in violation of ADAAG § 505.

iv.  Inaccessible dining tables: required minimum knee and toe clearance is not provided at dining tables, a minimum percentage of existing dining tables required to be accessible not provided in violation of ADAAG §§ 226, 902, 306.

v.  Inaccessible exterior dining area: existing step at door leading to exterior back dining area acts as a barrier to accessibility; required ramp not provided for step at door leading to exterior dining area; and required minimum maneuvering clearance not provided at door leading to exterior dining area in violation of ADAAG §§ 206, 303, 404.

vi.  Inaccessible restroom: inaccessible travel path to restroom located at lower floor of establishment, accessible route not provided as required, and existing flight of stairs within travel path to restroom act as a barrier to accessibility in violation of ADAAG § 213.

vii.  Required handrails not provided at both sides of stair flight within travel path leading to restroom in violation of ADAAG § 505.

viii.  Required handrail extension not provided at bottom of existing handrail at one side of stair flight within travel path to restroom in violation of ADAAG § 505.

ix.  Required minimum maneuvering clearance is not provided at exterior side of restroom door in violation of ADAAG § 404.

x.  Required minimum maneuvering clearance not provided at interior side of restroom door in violation of ADAAG § 404.

xi.  Required minimum clear width not provided at opening of restroom door in violation of ADAAG § 404.

xii.  Noncompliant door swing of restroom door: restroom door swings into the floor space of restroom fixtures in violation of ADAAG § 603.

xiii.   Noncompliant door knob at restroom door requires twisting of the wrist in violation of ADAAG §§ 404, 309.

xiv.   Required minimum turning space not provided in restroom in violation of ADAAG §§ 603, 304.

xv.   Inaccessible lavatory in restroom: required minimum clear floor space is not provided at lavatory in violation of ADAAG §§ 606, 305.

xvi.   Insulation of pipes and water lines under the lavatory not provided as required in violation of ADAAG § 606.

xvii.   Inaccessible mirror in restroom: noncompliant height of mirror exceeds maximum height allowance in violation of ADAAG § 603.

xviii.   Inaccessible water closet in restroom: required minimum clearance is not provided at water closet in violation of ADAAG § 604.

xix.   Grab bars not provided on rear and side walls of water closet in violation of ADAAG § 604.

30. This is not intended as a complete list of ADA and ADAAG violations at the Fresh Co Locations. Additional violations will be set forth within Plaintiffs' expert disclosures and report, following inspections made of each location pursuant to Fed. R. Civ. P. 34.

31. Plaintiff and the Class are blocked by physical barriers to access at the Fresh Co Locations. These violations, which include but are not limited to the barriers enumerated herein, prohibit Plaintiffs and the Class from fully accessing the Fresh Co Locations, and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

32. Remediating the ADA and ADAAG violations set forth herein is both technically feasible and readily achievable.

33. Plaintiffs and the Class intend to visit Fresh Co Locations in the future (upon Defendant's compliance with an Order of this Court requiring Defendant to remedy the ADA violations at issue) in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations offered at the Fresh Co Locations; however, in light of their disabilities, unless and until the Fresh Co Locations are brought into full compliance with the ADA and its implementing regulations, Plaintiffs and the Class will remain unable to fully, properly, and safely access the Fresh Co Locations and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein.

34. As a result of the foregoing, Defendant has discriminated against Plaintiffs and the Class, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Fresh Co Locations.  Defendant's discrimination is prohibited by 42 U.S.C. § 12182, *et seq*.

35. Moreover, Defendant will continue to discriminate against Plaintiffs and the Class unless and until it is compelled by this Court to remove all physical barriers existing at the Fresh Co Locations, which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Fresh Co Locations accessible to and usable by persons with disabilities, including Plaintiffs and the Class.

36. Plaintiffs and the Class are without an adequate remedy at law, and are suffering irreparable harm, and reasonably anticipates that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Fresh Co Locations, including those set forth herein.

37. This Court is vested with authority to grant injunctive relief sought by Plaintiffs and the Class, including entry of an order requiring alteration and modification of the Fresh Co

Locations, so as to make readily them accessible to and useable by individuals with disabilities to the extent required by law.

## COUNT II
## <u>VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW</u>

38. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

39. The New York State Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … [6]

40. The Fresh Co Locations are places of public accommodation as defined by the New York State Human Rights Law.

41. Plaintiffs and the Class have visited Fresh Co Locations and encountered architectural barriers made illegal by the ADA and ADAAG, and by the New York State Human Rights Law.

42. By maintaining architectural barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiffs and the Class, because of his disability, the accommodations, advantages, facilities or privileges thereof provided at the Fresh Co Locations. Failure by Defendant to act to identify and remove barriers can be construed as an act of "negligent per se."

43. Plaintiffs and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seek judgment pursuant to N.Y. Exec. Law §297, including damages pursuant to § 297(9) thereof.

---

[6] NYS Exec. Law § 296 (2)(a).

## COUNT III
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

44. Plaintiff re-avers the allegations set forth above as though fully set forth herein.

45. The New York City Human Rights Law provides:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived…disability…of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof…to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of …disability…[7]

46. Defendant is in violation of the New York City Human Rights Law by denying the Plaintiff and the Class full and safe access to all the accommodations, benefits and services available at the Fresh Co Locations.

47. Plaintiffs and the Class have been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to the New York City Human Rights Law and all relief provided for thereunder.

## DAMAGES

48. Plaintiffs and the Class are entitled to damages pursuant to New York state law, including but not limited to damages contemplated by N.Y. Exec. Law §297(9).

---

[7] NYC Admin Code § 8-107(4)(a)

## INJUNCTIVE RELIEF

49. Pursuant to 42 U.S.C. § 12188, this Honorable Court is vested with the authority to grant injunctive relief in favor of Plaintiffs and the Class, including but not limited to the issuance of an Order to alter each of the Fresh Co Locations so that they are made readily accessible to, and useable by, all individuals with disabilities, including Plaintiffs and the Class, as required pursuant to the ADA, the New York State Human Rights Law, New York City Human Rights Law, and closing each of the Fresh Co Locations until such time as the requisite modifications are complete.

WHEREFORE, the Plaintiffs, for the Class, request that the Court issue an Order and grant Judgment to the Class Plaintiffs as follows:

A. Certifying this action as a Class Action;

B. Naming the Plaintiffs as the representative Named Class Plaintiffs on behalf of all absent Class members;

C. Appointing Law Offices of Nolan Klein, P.A., and Bashian & Papantoniou, P.C., as Class Counsel for all purposes in this action;

D. Granting the Plaintiffs and all Class members all injunctive, monetary, and other relief available under applicable law, including but not limited to:

i. A declaration that Defendant is in violation of the ADA, the New York State Human Rights Law and the New York City Human Rights Law; and

ii. An Order requiring Defendant to evaluate and neutralize its policies, practices and procedures towards individuals with disabilities; and

    iii.  An Order requiring that Defendant undertake and complete a program of corrective remodeling, reconstruction, and other such actions as may be necessary, to remediate and eliminate all ADA and ADAAG violations found at trial to be present upon the Subject Property;

    iv.  An Order requiring Defendant to alter all of their facilities and amenities (whether or not remodeling or reconstruction is required) to make those facilities accessible to and useable by individuals with disabilities as required pursuant to Title III of the ADA, the ADAAG, and by NYSHRL and the NYCHRL;

    v.  An Order requiring closure of each of the Fresh Co Locations until such time as the location has been brought into full compliance with the ADA and ADAAG;

    vi.  An award to each member of the Class equal to the maximum amount permitted by the NYSHRL and/or NYCHRL;

E.  Granting the Plaintiffs and the Class such other and further relief, as the Court deems just under the circumstances; and

F.  Granting Class Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity

DATED this 14th day of April, 2017.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
347 W. 36th Street, Ste. 805
New York, NY 10018
Tel:    (646) 560-3230
Fax:    (877) 253-1691

By:  */s/ Nolan Klein, Esq.*
**NOLAN KLEIN, ESQ. (NK 4223)**
klein@nklegal.com

**Bashian & Papantoniou, P.C.**
Attorneys for Plaintiff
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:    (516) 279-1554
Fax:    (516) 213-0339

***By:*** *_/s/ Erik M. Bashian_*
**ERIK M. BASHIAN, ESQ. (EB7579)**
eb@bahspaplaw.com